Alejandro **GONZALEZ**, Plaintiff-Appellee,

v.

Elliot L. **RICHARDSON**, Secretary of Health, Education and Welfare, Defendant-Appellant.

No. 71–1309.

United States Court of Appeals, First Circuit.

Heard Feb. 3, 1972.

Decided March 1, 1972.

954

Michael H. Stein, Atty., Dept. of Justice, with whom L. Patrick Gray, III, Asst. Atty. Gen., Julio Morales Sanchez, U. S. Atty., and Kathryn H. Baldwin, Atty., Dept. of Justice, were on brief, for appellant.

Appellee submitted on the record.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

McENTEE, Circuit Judge.

The claimant, appellee herein, brought this action in the district court to review the final decision of the Secretary of Health, Education and Welfare denying him disability insurance benefits. 42 U.S.C. § 405(g) (1970). The court reversed the decision of the Secretary and ordered that the claimant be awarded benefits. The Secretary appeals.

The claimant is about fifty years old, has a third grade education, and has worked as a sugarcane cutter since age fourteen. In 1967 he fell and cut his right (dominant) hand leaving a scar on the tip of his right ring finger. He claims that he is unable to grasp a machete as a result of this injury. He has made no effort to obtain other work, to train himself to use his left hand, or even to help around the house. Several months after his injury the Industrial Commission of the Puerto Rican Workmen's Compensation System found a slight limitation in the flexation of his right ring finger amounting to a ten percent disability in the physiological function of that finger. This finding was based on the opinion of two medical experts. Dr. Arzola, who examined the claimant on behalf of the Secretary, reported that claimant's right hand was well calloused, that there was an absence of pathology, and that the claimant held his last two fingers stiff and would not permit any passive movement of them. His diagnosis was malingering. Nor was claimant's own physician able to report any objective signs of pathology. He did, nevertheless, estimate a fifty percent loss in the grabbing function of the right hand. The Secretary concluded on the basis of this evidence that the "[c]laimant has a slight, if any, impairment of his right hand" and that he "can perform his usual, regular, and prior work."

The district court held that on the facts of this case the report of Dr. Arzola was a mere scintilla not capable of sustaining the government's burden of substantial evidence on the record as a whole. This was error. *See* Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The statute requires that the district court accept as conclusive the Secretary's determination of facts if supported by substantial evidence. It should not engage in reweighing the evidence since the resolution of conflicting evidence is solely within the province of the Secretary. Brown v. Finch, 429 F.2d 80 (5th Cir. 1970). Dr. Arzola's report was corroborated by the reported testimony of the two physicians who examined the claimant for the Industrial Commission, and his report clearly satisfies the substantial evidence test. In view of these facts we see no need to remand the case to the district court for a new hearing. Reyes Robles v. Finch, 409 F.2d 84 (1st Cir. 1969).

The judgment of the district court is reversed and it is ordered that judgment be entered for the Secretary.