**Sofia ALVARADO, Plaintiff-Appellant,**

v.

**Caspar W. WEINBERGER, Secretary of Health, Education, and Welfare, Defendant-Appellee.**

**No. 74–1196.**

United States Court of Appeals, First Circuit.

Submitted Jan. 9, 1975.

Decided Jan. 31, 1975.

---

Horacio R. Subira Hijo, San Juan, P. R., on brief for appellant.

Carla A. Hills, Asst. Atty. Gen., New York City, Julio Morales Sanchez, U. S. Atty., San Juan, P. R., and Robert E. Kopp, Atty., Dept. of Justice, Washington, D. C., Appellate Section, Civil Div., on brief for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

**PER CURIAM.**

This is an action brought under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g) (1970), to review a determination by the Secretary of Health, Education, and Welfare closing plaintiff's period of disability as of January 1971. Plaintiff had been awarded benefits as of October 1, 1968, because of a mental condition.[1] The sole issue on appeal is whether the Secretary's decision as affirmed by the district court was supported by substantial evidence.

Before the administrative law judge plaintiff testified that her head felt numb, that she woke up screaming and walked back and forth, and that she got a frightened feeling in her heart and had crying spells. The administrative law judge also had before him, in addition to Dr. Fuentes' earlier report and certain additional medical records,[2] the medical report of Dr. Infanzon Ochoteco, who diagnosed plaintiff's condition as a chronic depressive neurosis in almost total remission of symptoms. He reported no disorganization of her personality, no need for supervision and no limitations on her ability to relate to or socialize with others or work around the house, nor was there any deterioration in her personal habits. He indicated that her ability to comprehend and follow directions, perform work requiring frequent contact with others, and perform simple, repetitive or varied tasks was good. He recommended that she undergo intensive psychotherapy and believed that she "could be rehabilitated to perform manual work." On the basis of this report and personal observation of Mrs. Alvarado at the hearing, a vocational ·expert testified that she was capable of returning to her work as a kitchen helper or assuming other specified jobs available in the area. In light of this evidence the administrative law judge concluded that plaintiff was not unable to engage in any substantial gainful activity and thus found her no longer disabled under § 223(d) of the Act, 42 U.S.C. § 423(d) (1970).

Plaintiff first maintains that Dr. Infanzon was not qualified to examine her because he was not board certified in psychiatry and because his specialty was child rather than general psy-

---

1. This award was presumably based on the report of Dr. Claude E. Fuentes, a specialist in psychiatry and neurology. Dr. Fuentes noted claimant's complaints of numbness in her head, insomnia, inability to work in the home, and lack of appetite. He cited claimant's assertions that she had been hearing voices and that she had the impulse to scream. Dr. Fuentes' examination revealed that claimant was well developed and nourished, tearful, clean and neat. However, she had difficulty expressing herself, was unspontaneous and somewhat retarded. She was depressed and moody, and her orientation and memory were poor, her judgment and insight impaired. Dr. Fuentes' diagnosis was "Involutional psychotic depressive reaction." His recommendation was a continuation of treatment at the Ponce Psychiatric Hospital.

2. These records furnished by the Bayamon Mental Health Clinic show that plaintiff received medical attention in the outpatient clinic from January 1971 to July 1972 and indicate many somatic complaints and complaints of nervousness, fear and depression. Plaintiff was treated with medication on each visit.

chiatry. But under general principles of evidence law Dr. Infanzon would be qualified to give his opinion even were he not a psychiatrist at all. *See* McCormick, Evidence § 13 & n. 70 (E. Cleary ed. 1972). Certainly board certification has never been held a prerequisite to qualification as an expert medical witness. The medical opinion of specialists may be entitled to greater weight than that of general practitioners, Bailey v. Gardner, 269 F.Supp. 100, 107–08 (S.D. W.Va.1967). But even if Dr. Fuentes were considered more qualified than Dr. Infanzon there would be no necessary inconsistency in their opinions in light of the two years separating them. Although plaintiff did not follow Dr. Fuentes' prescribed regimen of psychiatric care during this period, her ailment could have improved spontaneously. At any rate, it is for the Secretary to resolve conflicts in the medical evidence. Diaz v. Secretary, 372 F.Supp. 463, 465 (D.P.R.1973).

 Plaintiff next argues that Dr. Infanzon's report does not support the vocational expert's opinion or the examiner's finding that she could be gainfully employed because the physician concluded only that she "could be rehabilitated to manual work." We do not think this necessarily equivalent to an assertion that she is not presently capable of employment, and even if it were it would have little evidentiary value as such, Laboy v. Richardson, 355 F.Supp. 602, 604 (D.P.R.1972), since a physician has no special expertise for such a judgment. Considered as a whole, Dr. Infanzon's generally sanguine findings afford ample support for the Secretary's conclusion that plaintiff was capable of gainful employment. The mere existence of a psychoneurosis or an anxiety reaction does not constitute a disability, Gum v. Secretary, 341 F.Supp. 611 (D.Md.1972); Darter v. Cohen, 299 F.Supp. 473, 476 (W.D. Va.1969). And neither the state of the economy nor employers' reluctance to hire the handicapped is a relevant consideration. Caraballo v. Secretary, 346 F.Supp. 93, 95 (D.P.R.1972).

Plaintiff had the burden of proving that she was still disabled. Marker v. Finch, 322 F.Supp. 905, 909–10 (D.Del.1971). Although her subjective testimony was certainly probative, Stark v. Weinberger, 497 F.2d 1092, 1096–97 (7th Cir. 1974), subjective symptoms must be evaluated with due consideration for credibility, motivation and medical evidence of impairment. Dvorak v. Celebrezze, 345 F.2d 894, 917 (10th Cir. 1965). We cannot say on this record that the Secretary was under any obligation to find that she met that burden. *See* Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

Affirmed.