Esaw CHARLES, Plaintiff,

v.

Joseph A. CALIFANO, Jr., Secretary of
Health, Education and Welfare,
Defendant.

Civ. A. No. 77–2309.

United States District Court,
D. Kansas.

Dec. 20, 1978.

Barbara M. Vache, Kansas City, Kan., for plaintiff.

James P. Buchele, U.S. Atty., Douglas B. Comer, Asst. U.S. Atty., Kansas City, Kan., Paul P. Cacioppo, Regional Atty., Region VII, Dept. of Hew, Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

O'CONNOR, District Judge.

This case comes now before the court for determination of defendant's motion for summary judgment. The proceeding was instituted by plaintiff against the Secretary of Health, Education and Welfare, as authorized by 42 U.S.C. § 405(g). Its purpose is to obtain judicial review of a final decision of the Secretary partially denying plaintiff's application for disability insurance benefits. The sole question to be resolved is whether the Secretary's decision that plaintiff was not "disabled" beyond October 13, 1976, as that term is defined in 42 U.S.C. § 423(d)(1), is supported by substantial evidence. *See, e. g., Trujillo v. Richardson,* 429 F.2d 1149 (10th Cir. 1970).

Plaintiff's application for benefits, filed July 23, 1976, states that he became unable to work in April, 1973 (later amended to 1974) due to problems with his back and right leg and hypertension. Plaintiff has worked as a janitor and as the owner and operator of a barbershop. Plaintiff completed the ninth grade. He took a six-month course in barbering in 1958.

The application received consideration and reconsideration by the Social Security Administration and the claim was denied. At plaintiff's request, a hearing was held on April 6, 1977, at which he appeared and testified. On July 28, 1977, the Administrative Law Judge found that plaintiff was entitled to a period of disability commencing June 1, 1974 and ceasing on October 13, 1976. He further found plaintiff entitled to disability insurance benefits under the Social Security Act, as amended, from June 1, 1974 to December, 1976. On October 19, 1977, the Appeals Council affirmed the decision of the Administrative Law Judge. The decision of the Administrative Law Judge stands as the final decision of the Secretary and plaintiff seeks review thereof under 42 U.S.C. § 405(g).

The medical evidence relevant to plaintiff's condition as of October 13, 1976 (the point in time plaintiff's disability ceased to exist in the opinion of the Administrative Law Judge) includes the following. The mid and low back revealed no external deformity. His gluteal crease and pelvis was level. There was no list or scoliosis of the dorsal or lumbar spine. The dorsal kyphosis was normal. The lumbar lordosis was increased. No muscle spasm or atrophy was noted in the lumbar spine. Generalized tenderness was complained of in the lumbar spine region. All motions of the lumbar spine were carried out in flexion, extension, lateral bending to right and left and rotation to right and left with all motions voluntarily limited in all directions. Plaintiff jumped and jerked in a very bizarre manner on testing for Lasegue's sign and straight leg raising, both of which were found negative. Deep tendon reflexes of the lower extremities, including knee jerks and tendon-Achilles jerks were normal. No abnormal sensory changes or arterial pulsation deficits were noted in the lower extremities and no focal motor weakness or neurologic deficit was found in the low back or lower extremities. X-rays of the lumbar sacral spine revealed no evidence of fracture or dislocation to the bodies or processes of the lumbar vertebra and only mild degenerative changes on the margins of the upper lumbar vertebra were noted. Some mild narrowing of the lumbosacral interspace was found on the left side, but it appeared to be on a congenital basis. There was also a spina bifida oculta of the first sacral segment, an additional congenital anomaly. No evidence was found of intervertebral disc pathology, nerve root irritation or compression, or evidence of any focal motor weakness or neurologic deficit.

In plaintiff's suggestions in opposition to defendant's motion for summary judgment several points are raised. The first goes to the information supplied to disability claimants on the need for legal representation at the administrative hearing. Plaintiff contends he relied to his detriment on statements and pamphlets supplied by the Social Security Administration to the effect that legal representation was not required. Copies of the pamphlets are included with plaintiff's suggestions. We first point out that the pamphlets clearly state that the claimant may be represented by an attorney or any other individual. "A claimant's lack of counsel in a social security disability benefit case does not require reversal of a decision denying benefits if the claimant had a fair opportunity to be heard, full opportunity to present evidence, and was not prejudiced by the absence of counsel." *Branch v. Finch*, 313 F.Supp. 337 (D.Kan. 1970). "[E]ven though the administrative law judge's responsibilities may be enhanced when a claimant is not represented by counsel at the hearing, this lack of counsel would not affect the validity of the hearing unless the claimant demonstrates prejudice or unfairness in the proceeding." *Heisner v. Secretary of Health, Education and Welfare*, 538 F.2d 1329 (8th Cir. 1976).

■ The transcript of the disability hearing in the case at hand reveals the following at page 20 of the administrative record:

"ADMINISTRATIVE LAW JUDGE: Before we go any further, there are several things I want to take up with you on the record as I did off the record: The first has to do with your being represented by a lawyer or a representative. I notice that you don't have one with you today, is that correct?

MR. CHARLES: Yes, sir.

ADMINISTRATIVE LAW JUDGE: I must advise you that both under this regular social security law and also under the SSI law you're entitled to be represented by a lawyer or representative and that the law further provides that a lawyer or representative, for that matter, can be paid out of the past two [sic] benefits in case you are successful in this case.

Now, knowing all that, do you still want to go ahead without being represented by a lawyer or a representative?

MR. CHARLES: I would rather go ahead."

It is clear that plaintiff was informed that he could be represented by counsel and chose not to be so represented. Lack of counsel does not automatically demonstrate prejudice.

Plaintiff contends prejudice is apparent and that he relied on the representations of the Social Security Administration that his medical evidence would be compiled by the State Disability Determinations Services Office. He states that pertinent information was not included in his file. Furthermore, he did not know he could review his file prior to the hearings so that he might discover that pertinent information was missing.

■ The burden of proving a continuing disability is on the plaintiff. *E. g., Alvarado v. Weinberger*, 511 F.2d 1046 (1st Cir. 1975). The state disability determinations services office does, however, compile the claimant's medical record. Such was done in this case. The medical record included reports from the doctor who treated plaintiff from April to July, 1974 when plaintiff became unable to work, from three doctors who examined or treated plaintiff in July, 1976, and a consultative report from an orthopedic surgeon in October of 1976.

Additional medical evidence may be offered by the claimant at the hearing or on appeal to the Appeals Council. The transcript of the disability hearing discloses:

"ADMINISTRATIVE LAW JUDGE: All right. The second thing has to do with the exhibits or documents in the file.` Were you able to review the papers in the file before the hearing?

MR. CHARLES: Yes, sir.

ADMINISTRATIVE LAW JUDGE: So far, we've marked the papers or documents Exhibits 1 through 22, inclusive. Do you have any objection to the admission of any of these documents into the record?

MR. CHARLES: No, sir."

(Administrative Record at Page 20).

"Q. Is there anything else you want to tell me about your case?

A. Well, nothin' that I can think of. What do you mean?

Q. Well, I'm just giving you an opportunity for you to tell me anything that we have not discussed so far.

A. I can't think of anything right now."

(Administrative Record at Page 39).

■ The record shows that plaintiff was given an opportunity to review his file and to submit additional medical evidence. He chose not to do so. Even so, plaintiff now contends the medical record was incomplete. We cannot consider evidence not in the record; this review is not a trial *de novo*. *Atteberry v. Finch*, 424 F.2d 36 (10th Cir. 1970). Therefore, any additional evidence the plaintiff contends is pertinent, would have to persuade the court to order the case remanded.

■ In order for remand to be granted, plaintiff must show "good cause." 42 U.S.C. § 405(g); *Bradley v. Califano*, 573 F.2d 28 (10th Cir. 1978). In the instant case plaintiff has alleged that the medical record is incomplete and that medical records were not included from Bethany Hospital where

plaintiff was treated originally for his back injury in November, 1973. Plaintiff does not now submit these records nor does he state how this evidence, if made part of the record, would cause the Administrative Law Judge's decision to be different. *Wesley v. Secretary of Health, Education and Welfare*, 385 F.Supp. 863 (D.D.C.1974). The Administrative Law Judge found plaintiff to be disabled within the meaning of the act and entitled to a period of disability commencing June 1, 1974 and ending October 13, 1976. The finding disputed by plaintiff is the end date on the disability. It is not at all apparent that the November, 1973 Bethany Hospital report would change the decision of the Administrative Law Judge.

Plaintiff also states that additional medical evidence covering the period after October 15, 1976, but before the hearing on April 6, 1977, should have been obtained by the Social Security Administration. Again, we point out that it is the plaintiff who must prove a continuing disability. 42 U.S.C. § 423(d)(5); *Alvarado, supra*. Plaintiff had opportunities to present additional medical evidence at the hearing, on appeal to the Appeals Council, and to this court in opposition to defendant's motion for summary judgment and in support of a finding of "good cause" for remand. No additional medical evidence has been provided by the plaintiff. However, the Administrative Law Judge did ask plaintiff about current treatment he was receiving for his back ailment.

"Q. Now, what are you doing about your back at the present time? For example, do you see a doctor on a regular basis?

A. Yes.

Q. How often do you have to see him?

A. Twice, three times a week sometime.

Q. What does this doctor do for you?

A. Well, he takes me to a big, long table and he'll prod my back back there, and then he's got a heat deal—it's a little metal thing—and he works up and down my back and leg with that.

Q. Has this doctor given you any instructions with respect to the type of work he thought you could do?

A. Yes, sir.

Q. What did he say?

A. Nothin' over 15 pounds."

(Administrative Record at Pages 36–37).

This testimony indicates that the doctor treating plaintiff at the time of the hearing did not consider plaintiff unable to work. Again, plaintiff has failed to show that "good cause" exists for this court to remand the action, or to show that material facts remain in issue.

We agree with plaintiff that summary judgment does not serve as a substitute for trial and is drastic relief that should be applied with caution. *Redhouse v. Quality Ford Sales, Inc.*, 511 F.2d 230 (10th Cir. 1975). However, "[i]t is settled that when a motion for summary judgment is supported by affidavits, the party opposing it may not rest on the mere allegations of the pleadings, but must respond with specific facts showing the existence of genuine issues for trial." *Williams v. American Airlines*, No. 78–1133 (10th Cir., *unpublished*, October 19, 1978); *Stevens v. Barnard*, 512 F.2d 876 (10th Cir. 1975). The allegations of plaintiff's attorney that pertinent medical evidence is absent from the record do not rise to the level of such "specific facts." Likewise, the Social Security Administration pamphlets provided by plaintiff's counsel do not convince us that material facts are in dispute or that plaintiff was prejudiced by the absence of counsel at the administrative hearing.

Accordingly, we are unable to conclude that the decision of the Secretary was not based upon substantial evidence.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment be and hereby is sustained. Counsel for defendant shall prepare, circulate and forward for the court's approval a Journal Entry of Judgment reflecting the holding of the foregoing Memorandum and Order.