**Alejandrina COLON, Plaintiff,**

v.

**Joseph CALIFANO, Jr., Secretary of Health, Education and Welfare, Defendant.**

**Civ. A. No. 77–2191–C.**

United States District Court, D. Massachusetts.

March 19, 1979.

Linda Morley, Western Massachusetts Legal Services, Inc., Holyoke, Mass., for Colon.

John D. Hanify, Asst. U. S. Atty., Boston, Mass., for Califano.

MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought pursuant to 42 U.S.C.A. § 1383(c)(3) and 42 U.S.C.A. § 405(g) for review of a final decision of the Secretary of Health, Education and Welfare denying to plaintiff claimed supplemental security income disability benefits. The matter came before the Court on defendant's motion for summary judgment premised on the theory that the findings of the Secretary are based on substantial evidence considering the record as a whole, and on plaintiff's motion for summary judgment premised on the theory that the Secretary's decision is not supported by substantial evidence.

The file establishes that plaintiff is a Puerto Rican native, presently 55 years of age who received an eighth-grade education in Puerto Rico. She can neither read nor write English and has very little English conversational ability. She has spent most of her life rearing nine children and worked one year as a janitor under the federal WIN program in 1968 or 1969. The record contains voluminous medical information including a number of doctors' reports, hospital records, doctors' opinions, etc. Plaintiff's claim to disability largely relies on the fact that she is suffering from phlebitis and cellulitis. She also has diabetes mellitus. She has undergone vein ligation surgery on both legs, and there is medical evidence that she is unable to either sit or stand for any period in excess of a very small number of hours.

At the hearing conducted by the administrative law judge there was conflicting testimony as to whether or not plaintiff's physical impairments are severe enough to render her unable to engage in any substantial, gainful activity because of the fact that she has a medically determinable physical or mental impairment which can be expected to last for a continuous period of not less than twelve months.

The crucial issue at the hearing was not so much the extent of plaintiff's physical disabilities but rather whether or not those physical disabilities prevented her from following substantially gainful employment. The Secretary through the administrative law judge believed the testimony of Dr. James K. Phillips, who testified as a vocational expert. Dr. Phillips testified, in substance, there were jobs consisting of sedentary assembly type work and inspection positions available in significant numbers in the Holyoke/Springfield area which this plaintiff has the ability to perform.

It is well established that the Secretary of Health, Education and Welfare is charged with the duty to weigh the evidence, evaluate the credibility of evidence, and to resolve conflicts in testimony. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Alvarado v. Weinberger*, 511 F.2d 1046 (1st Cir. 1975); *Gonzalez v. Richardson*, 455 F.2d 953 (1st Cir. 1972). Even in cases such as this in which the reviewing court might well have resolved the fact issues otherwise, the findings of the Secretary are conclusive if supported by substantial evidence and must be upheld. *Reyes Robles v. Finch*, 409 F.2d 84 (1st Cir. 1969); *Gonzalez v. Richardson, supra*.

Accordingly, an Order will be entered granting the Secretary's motion for summary judgment and denying the plaintiff's motion for summary judgment.