**Robert P. GLEDHILL, SSN, 016–22–7738, Plaintiff,**

v.

**Patricia HARRIS, as she is Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 79–201–C.**

United States District Court, D. Massachusetts.

July 10, 1980.

John W. Costello, Costello & Sullivan, Boston, Mass., for plaintiff.

Richard D. Glovsky, Asst. U. S. Atty., Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought pursuant to the provisions of 42 U.S.C. § 405(g) to review a decision of the Secretary affirming a decision of the Appeals Council which denied plaintiff's application for a period of disability and disability insurance benefits under §§ 216(i) and 223 of the Social Security Act. The matter came before the Court on defendant's motion for summary judgment and on plaintiff's "Action For Judicial Review", which as a practical matter is plaintiff's motion for summary judgment.

The matter was submitted for determination on the basis of a certified copy of the administrative record and memoranda of law filed by the parties. Plaintiff was born May 23, 1929 and served in the U. S. Navy from February, 1947 to May, 1966 during which time he acquired a high school equivalency diploma and a two-year engineering college equivalency. During his Naval career he was involved in gyro repair work and electrical communications repair work.

After his discharge he had gainful employment variously at Sander Associates as an electronic assembler, as a United States Post Office mail sorter and as a production material planner for Digital Equipment Corporation. He was steadily employed by the above three employers until he suffered an angina attack on August 1, 1974 after which he was hospitalized on August 6, 1974 and underwent cardiac bypass surgery due to a 90% occlusion in one of his arteries. He was discharged from the hospital on August 27, 1974 and was in fact granted a period of disability from July 31, 1974 to August 31, 1975. The issue presented herein is whether or not there is substantial evidence to support the Secretary's refusal to grant plaintiff social security benefits from August 31, 1975 on.

The record establishes that plaintiff attempted rehabilitation by trying part-time selective work assignments for four hours a day at Digital Equipment between March 10, 1975 and August 15, 1975. There is uncontradicted evidence that during this time frame plaintiff's condition worsened to the point where his cardiologist Dr. Ellis told him that he thought it best that he stop work as of August 15, 1975. The medical evidence on file documents that this plaintiff presently has a number of physical ailments including:

a. Coronary artery disease, post Cabg surgery, angina pectoris, Class 2B.

b. Hypertension, probably essential in type, moderately well controlled.

c. Exogenous obesity.

d. Late onset of diabetes mellitus, insulin dependent.

e. Bilateral knee osteoarthritis with probable similar disease in the low back and other extremity joints.

f. Chronic anxiety.

g. Medication dependent daily upon: Valium, Serax and Fiorinal for tension headaches, Motrin and Nalfon for arthritis, hydrodiuril for hypertension, Insulin for diabetes, Nitroglycerin for angina pectoris attacks.

The record includes a report from Dr. Ellis dated February 8, 1977 which certified that plaintiff was totally disabled from any other work and further certified that his "multitude of illnesses" indicate he should not return to work "now or in the foreseeable future." On September 9, 1977 Dr. Ellis again expressed the opinion that plaintiff was totally disabled. Dr. Landau who examined impartially for the Administrative Law Judge reported the opinion "I believe that Mr. Gledhill has a significant number of disorders, the combination of which would make return to any form of gainful employment very difficult." The vocational expert who testified before the Administrative Law Judge in answer to a hypothetical question expressed the opinion that Mr. Gledhill would not be able to engage in any kind of substantial gainful activity.

A review of the record indicates that contrary to the finding of the Administrative Law Judge, at no time did Dr. Ellis personally ever state on the record that Mr. Gledhill would be a good candidate for sedentary work. A statement to that effect is attributed to Dr. Ellis on a form compiled by an employee of the Secretary who discloses no source.

This Court is well aware of the fact that the Secretary's decision should be affirmed if supported by substantial evidence, and is also aware that the Secretary is charged with the duty of weighing the evidence, *Richardson v. Perales*, 402 U.S.

389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971), and that the findings should be upheld if supported, even in cases in which the reviewing court, had it heard the same evidence *de novo*, might have found otherwise, *Gonzalez v. Richardson*, 455 F.2d 953 (1st Cir. 1972). The Court is also aware that the decision of the Secretary should be vacated if it is not supported by substantial evidence.

I rule that it is abundantly clear on the record as a whole that the only credible evidence shows this plaintiff is disabled within the meaning of the Social Security Act, *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973); *Reyes Robles v. Finch*, 409 F.2d 84 (1st Cir. 1969) and accordingly the Secretary's motion for summary judgment should be denied. Consequently an order should enter directing the Secretary to establish a period of disability and pay disability insurance benefits to plaintiff for the period commencing August 31, onward.

Order accordingly.