**Larry BUTLER, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

No. C–3–79–290.

United States District Court,
S. D. Ohio, W. D.

July 20, 1982.

Daniel L. Manring, Columbus, Ohio, for plaintiff.

Joseph E. Kane, Asst. U. S. Atty., Columbus, Ohio, for defendant.

## DECISION AND ENTRY ADOPTING REPORT OF MAGISTRATE IN ITS ENTIRETY; PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OVERRULED; DEFENDANT'S MOTION FOR SUMMARY JUDGMENT SUSTAINED; TERMINATION ENTRY

RICE, District Judge.

This matter is before the Court pursuant to Plaintiff's objection, filed under 28 U.S.C. § 636(b)(1)(C), to the Magistrate's Report and Recommendation that Plaintiff's motion for summary judgment be overruled, and that Defendant's motion for summary judgment be sustained.

Plaintiff filed applications for disability insurance and supplemental security income on June 14, 1978, alleging that he had been disabled since June 20, 1976, due to high blood pressure, a back injury, diabetes, and an eye injury. The applications were denied initially and upon reconsideration by the Social Security Administration, whereupon Plaintiff requested a hearing. On April 11, 1979, a hearing was held before an Administrative Law Judge (ALJ), before whom Plaintiff appeared with his attorney. The ALJ also received testimony from Steven Rosenthal, a vocational expert. On April 30, 1979, the ALJ rendered a decision finding that Plaintiff was not under a disability and was not entitled to benefits. Plaintiff then requested review by the Appeals Council, and the Council affirmed the ALJ's decision on June 26, 1979.

On August 23, 1979, Plaintiff filed his complaint with this Court, seeking judicial review of the administrative decision. The matter was referred to the United States Magistrate one day later, pursuant to 28 U.S.C. § 636(b)(1). Upon cross motions for summary judgment, the Magistrate, in a "Report and Recommendation" dated October 22, 1980, recommended that Plaintiff's motion for summary judgment be overruled, and that Defendant's motion for summary judgment be sustained.

Plaintiff then filed a motion to review the Report of the Magistrate on October 31, 1980, pursuant to 28 U.S.C. § 636(b)(1)(C).

■ In reviewing the decision of the Secretary, the Magistrate's task is to determine if that decision is supported by "substantial evidence." Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Report of the Magistrate, is required to make a *de novo* review of those recommendations of the Magistrate's Report to which objection is made. This *de novo* review, in turn, requires this Court to re-examine all the relevant evidence, previously reviewed by the Magistrate, to determine whether the findings of fact by the Secretary are supported by "substantial evidence." 42 U.S.C. § 405(g); *Gibson v. Secretary of Health, Ed. and Welfare*, 678 F.2d 653, 654 (6th Cir. 1982); *Parish v. Califano*, 642 F.2d 188, 189 (6th Cir. 1981).

Having reviewed the evidence in the record, and the Magistrate's Report, the Court finds that the Report accurately summarized the record and correctly stated and applied the relevant statutory provisions and case law. Accordingly, the recommendation of said Report is hereby adopted.

■ The Court will respond, briefly, to the objections to the Report raised by Plaintiff. First, the ALJ and the Magistrate had a proper basis to reject the opinion of Dr. Francis Link, Plaintiff's treating physician, who concluded that Plaintiff was disabled (Tr. 172, 183). While the diagnosis of a treating physician must be afforded great weight, such deference is only due when the physician supplies sufficient medical data to substantiate the diagnosis. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 538 (6th Cir. 1981); *LeMaster v. Weinberger*, 533 F.2d 337, 340 (6th Cir. 1976). The reports from Dr. Link are simply not supported by adequate medical evidence, and thus need not be given dispositive weight.

■ Second, it is true, as Plaintiff contends, that a mental impairment (such as alleged depressive neurosis herein, Tr. 206–07) can amount to a disability. *Branham v.*

Gardner, 383 F.2d 614, 618 (6th Cir. 1967); Hutchinson v. Schweiker, 535 F.Supp. 962, 967 (S.D.Ohio 1982). However, the mere existence of such an impairment will not suffice; it must be accompanied by a physiologic or functional loss which prevents the claimant from working. *Ragan v. Finch*, 435 F.2d 239, 241 (6th Cir. 1970) (per curiam), *cert. denied*, 402 U.S. 986, 91 S.Ct. 1685, 29 L.Ed.2d 152 (1971); *Branham v. Gardner, supra*, 383 F.2d at 625–26; *Alvarado v. Weinberger*, 511 F.2d 1046, 1049 (4th Cir. 1975) (per curiam); 20 C.F.R. Subpart P, App. 1, § 12.00 (1981).

■ A report from Dr. Leist concluded that Plaintiff was disabled, based on his psychiatric condition alone (Tr. 207). The ALJ, and the Magistrate upon review, had a proper basis to discount Dr. Leist's conclusion. The Leist report was, to some extent, internally inconsistent (in that Dr. Leist stated that Plaintiff was cooperative, retained a good memory, and was oriented as to time, place and person, Tr. 205–06), and inconsistent with Plaintiff's own testimony at the hearing (Tr. 66–70) regarding his personal habits and activities. Moreover, the vocational expert testified that, even assuming the truth of the factual statements in the Leist report (as contrasted to Dr. Leist's ultimate conclusion), Plaintiff could still perform a substantial number of jobs of sedentary or light work (Tr. 84). Finally, the Magistrate also pointed out (Report at 7) that the symptoms accompanying Plaintiff's depressive neurosis did not equal in severity the impairments listed in the regulation defining a disability based on that disorder, 20 C.F.R. Subpart P, App. 1, § 12.04 (1979). While the ALJ did not apply this reasoning, as did the Magistrate, it would seem to be a proper rationale to discount Dr. Leist's conclusion. In any event, even if this reasoning should not alone be sufficient, as Plaintiff contends in his motion to review, the ALJ and the Magistrate set out *other* sufficient reasons to reject Dr. Leist's conclusion.

The Court thus concludes that Plaintiff's objections to the Report are not well taken, and the Court finds that said Report and

Recommendation should be adopted in its entirety. It is so ordered.

WHEREFORE, based on the aforesaid, this Court sustains Defendant's motion for summary judgment, and overrules Plaintiff's motion for summary judgment. The Clerk of Court shall enter judgment for the Defendant.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.