**Jose Antonio Saavedra LOPEZ, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. No. 83–1371(PG).**

United States District Court, D. Puerto Rico.

March 14, 1984.

Fabio A. Román García, Arecibo, P.R., for plaintiff.

Daniel Lopez Romo, U.S. Atty., Hato Rey, P.R., for defendant.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

This matter is before the Court pursuant to Section 205(g) of the Social Security Act, (the Act) as amended, 42 U.S.C. 405(g), to review a final determination of the Secretary of Health and Human Services (the Secretary) which denied plaintiff's application for disability insurance benefits.

Plaintiff is a forty-nine-year-old male with a second grade education, who worked as a truck driver of soft drinks. He alleges that he became disabled on August 15, 1980, due to a nervous condition and diabetes.

The request was denied at all administrative levels and plaintiff now seeks review before this Court. Under the standards comprised in the Social Security Act the reviewing court may not substitute its judgment for that of the Secretary. The Act provides that the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. 405(g). Therefore, we are only bound to ascertain whether the Secretary's decision is supported by substantial evidence from the record as a whole. *González v. Richardson,* 455 F.2d 953 (1st Cir.1972).

The medical evidence on record as to the diabetes condition consists of a medical report by Dr. Melvyn Acosta Ruiz, internist. There was no evidence of end organ damage secondary to diabetes mellitus. Plaintiff had normal heart sounds. His visual acuity without correction was 20/20. He had full range of motion in the back and adequate range of motion in all four extremities. The residual functional capacity report shows that plaintiff has the ability to stand and walk for 6 hours, to sit for 4 hours, to lift and carry up to 20 lbs., has no functional limitations in his hands, can operate foot controls, and can bend, squat, crawl, climb and reach above shoulder level frequently. Plaintiff has only mild restriction of activities.

The medical evidence on plaintiff's mental condition consists of a questionnaire signed by Dr. Alberto L. Tolch, general practitioner. Plaintiff was first treated in 1970, twice a year, and last visit was February 5, 1982. His mental condition is described as incoherent, disoriented, with memory defects and hallucinations. The diagnosis is of diabetes mellitus and undifferentiated schizophrenia with depression traits, and prognosis is reserved.

During the dates of November 28, 1981, January 9, 1982, and September 11, 1982, plaintiff was treated by Dr. Emilio Pagán Gordilis, psychiatrist, who certifies that plaintiff

"appeared as anguished, preoccupied and depressed. His thought is mostly hipochondriac (sic) with multiple somatic complaints, ideas of low self-esteem and insufficiency. Affect is that of depression and anxiety. He is well oriented but judgment is poor and general intellect is diminished. There are flaws in recent memory. The diagnosis of his condition is anxiety neurosis severe with depression. . . .

"The prognosis is uncertain. He is not in condition so as to engage in any gainful work activity. He can handle his own funds."

A psychiatric evaluation was performed by Myrna Segarra de Polo at the request of the Disability Determination Unit on March 2, 1982. She describes plaintiff's thought as goal oriented, relevant, logical, coherent, and well organized. The diagnosis is "adjustment disorder with mixed emotional features DSMIII 309.28", which implies that plaintiff is "having symptoms relating to anxiety and depression as a response to a psychosocial stressor. . . . Such a stressor is the patient's unemployment, loss of his driver's license. . . ." Prognosis with treatment should be fair.

In his decision the Secretary determined that plaintiff's diabetes mellitus had not caused any damage to his brain, heart, kidneys, nor upon other vital organ. From the psychiatric point of view, based only upon the consultant Dr. Segarra de Polo's report, the Secretary stated that "there is no evidence of a significant functional limitation in his ability to understand and follow instructions and to engage in working activity."

■ Although in reviewing a decision of the Secretary the Court is not to try the case *de novo*, it must not abdicate its traditional function to scrutinize the entire record in order to determine whether conclusions made by the Secretary are rational, and if the Court should determine that reliance has been placed upon one portion of the record in disregard of overwhelming evidence to the contrary, then the Court is bound to modify or reverse the Secretary's

findings with or without remanding the case for rehearing. *Thomas v. Celebrezze*, 331 F.2d 541 (4th Cir.1964).

■ It has come to the attention of the Court through the numerous appeals filed in Social Security cases that the administrative law judges are simply ignoring portions of the record and relying exclusively on consultant's medical reports. The administrative law judges should be reminded that:

"Obviously responsible men would not exercise their judgment on only that part of the evidence that looks in one direction, the rationality or substantiality of a conclusion can only be evaluated in the light of the whole fact situation or so much of it as appears. Evidence which may be logically sustained in isolation may be deprived of much of its character or its claim to credibility when considered with other evidence." Jaffe, Administrative Procedure Reexamined: The Benjamin Report, 56 Harv.L.Rev. 704, 733 (1943).

No matter how burdensome the duty to examine meticulously the evidence is in the Social Security cases, the administrative law judges should not adopt the facile way of disposing of an applicant's case by reference to, and reliance upon, the statement of one or two physicians as against the statements of other physicians who have had more opportunity of examining and treating the applicant. *Davidson v. Gardner*, 370 F.2d 803, 823 (6th Cir.1967). The expert opinion of a treating physician as to the existence of a disability is binding on the fact finder unless contradicted by substantial evidence to the contrary. *Bastien v. Califano*, 572 F.2d 908 (2nd Cir.1978).

■ The Court does not find that the Secretary's conclusions are supported by substantial evidence. It is obvious that the findings of the Secretary as to plaintiff's mental condition are based exclusively on the medical report of Dr. Segarra de Polo. The Court does not find that Dr. Segarra de Polo's report is sufficient to constitute substantial evidence in light of the other

medical evidence on the record as a whole. We are of the view that the decision of the Secretary constituted error and the findings were not supported by substantial evidence, but rather, the evidence discloses that plaintiff was disabled from performing substantial gainful employment in light of his mental condition.

Accordingly, the Secretary's decision is reversed and the case is REMANDED to the Secretary to establish Mr. José Antonio Saavedra López' period of disability and benefit entitlement.

IT IS SO ORDERED.