**Julio Baez REYES, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

**Civ. No. 83–2159(PG).**

United States District Court,
D. Puerto Rico.

June 14, 1984.

Miguel A. Rivera Ramos, Río Grande, P.R., for plaintiff.

Daniel F. Lopez Romo, U.S. Atty., Hato Rey, P.R., for defendant.

OPINION AND ORDER

PÉREZ–GIMÉNEZ, District Judge.

Plaintiff, Julio Báez Reyes, filed this action under 42 U.S.C. § 405(g) seeking judicial review of the adverse decision rendered by the Secretary of Health and Human Services (the Secretary) on his claim for Child Disability Insurance Benefits.

Plaintiff alleges that he became disabled on March 1, 1973, due to his mental condition.

The request was denied initially and on reconsideration. However, after a hearing held before an administrative law judge (ALJ) he found that plaintiff had a severe mental impairment prior to August 27, 1974, when he attained age 22, and held that he was entitled to child disability benefits. On its own motion to review the decision of the ALJ the Appeals Council reversed the decision of the ALJ and found that plaintiff was not entitled to child disability benefits.

Under the standards comprised in the Social Security Act the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). Therefore, we are only bound to ascertain whether the Secretary's decision is supported by substantial evi-

dence from the record as a whole. *González v. Richardson,* 455 F.2d 953 (1st Cir.1972).

After a careful and independent review of the record and the memorandum filed in support thereof, this Court holds that the Appeals Council's reversing of the ALJ's decision is erroneous.

An individual is entitled to child insurance benefits if he/she:

1. has filed an application for child insurance benefits;
2. was the child of a person insured under the Act;
3. was dependent on the insured person;
4. was unmarried at the time the application was filed; and
5. at the time the application was filed the claimant was suffering from a disability that began before age 22.

42 U.S.C. § 402(d)(1), 20 C.F.R. 404.350.

A disability must be such as to render the claimant unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1).

The issue before the ALJ and the Appeals Council was whether Julio Báez Reyes was under a "disability", as defined above, which began prior to the date he attained age 22.

The medical reports reveal the facts that follow. On March 1973, at age 19, plaintiff was hospitalized at Kings County Hospital and on May 31, 1973, at Kings Park State Hospital, with acute schizophrenic episodes. He was released from Kings Park State Hospital on August 22, 1973, with his condition improved but prognosis guarded.

Plaintiff was readmitted at the same hospital on November 13, 1973, with persecutory delusions about witchcraft that wanted to destroy him and his family. His judgment and insight are described as impaired. He is given the following medication: thorazine 100 mgs B.I.D., thorazine 200 mgs.

H.S., and thorazine 50 mgs. I.M.P.R.N., for agitation. In the first four hospital weeks, Báez Reyes is described as withdrawn, uncooperative, suffering from hallucinations and delusional ideas of grandeur. Medication was increased, later he became more cooperative and communicative, more coherent and relevant but still suffering from delusional ideas of grandeur. Plaintiff was released on January 16, 1974, on convalescent care in the custody of his father. The diagnosis was of acute episode of schizophrenia with condition improved, but prognosis remains guarded due to the nature of the disease and the tender age of the patient to stop medication. There was a third readmission to the hospital on January 9, 1975. He is described as appearing confused, disoriented, showing agitation and impulsive behavior. Official diagnosis is schizophrenia chronic undifferentiated type. As appears from the report, plaintiff was on February 21, 1975, presented for a court order of retention because he had not improved. He is described as "hyperactive, restless, speech was non-goal directed, with loosening of association, confusion, and disorganized thought processes." Plaintiff was discharged on October 1975 to live with his brother.

The other medical records consist of Puerto Rico's Psychiatric Hospital reports from February 8, 1977, up until December 8, 1981. Plaintiff was admitted on an order of a state district judge for an evaluation for having assaulted a minor. The diagnosis given is undifferentiated schizophrenia. Plaintiff is described in the progress notes as incoherent, irrelevant, anxious, with delusional context, and inappropriate affect. Progress notes from the Caguas Mental Health Center, dated October 1978, describe plaintiff as aggressive, agitated, illogical and regressive.

A psychiatric evaluation was done by Dr. Abelardo Martínez on February 4, 1982. Although plaintiff is described as oriented in person, time and place, the diagnosis is that of schizophrenia undifferentiated chronic, memory is impaired, affect is inappropriate, ability to handle funds is very

poor, and insight is nil. A medical advisor, Dr. Arturo Flores Gallardo, a psychiatrist, testified at the hearing before the ALJ. He was of the opinion that Báez Reyes has been suffering from schizophrenia since March 1973. Dr. Flores Gallardo stated that plaintiff could not do any substantial gainful activity since March 1973.

The overwhelming weight of medical evidence demonstrates that the plaintiff has fulfilled the necessary requirements to obtain child benefits as he was statutorily disabled prior to age 22. It is clear that the same disability was present in the plaintiff prior to attaining age 22, as on May 7, 1981, when he applied for the benefits.

The Appeals Council's decision that plaintiff was not under a "disability" prior to obtaining age 22 because he did not have a severe impairment prior to August 27, 1974, is not supported by substantial evidence on the record.

Accordingly, it is hereby ORDERED that the Appeals Council's decision be and is hereby REVERSED; and it is FURTHER ORDERED that plaintiff be awarded child insurance benefits.

Judgment shall be entered accordingly.

IT IS SO ORDERED.