Manuel TORRES GUTIERREZ,
Plaintiff, Appellant,

v.

SECRETARY OF HEALTH, EDUCA-
TION AND WELFARE,
Defendant, Appellee.

No. 77–1314.

United States Court of Appeals,
First Circuit.

Submitted Feb. 6, 1978.
Decided March 17, 1978.

Luis Amauri Suarez Zayas, Hato Rey, P. R., Salvador Tio, Pedro J. Varela, Maria Doloras Fernos, Hato Rey, P. R., Jose E. Colon Santana, Liro C. Torres, Elba Canales, and Jose Fernandez Sein, Santurce, P. R., on brief, for appellant.

Julio Morales Sanchez, U. S. Atty., San Juan, P. R., William Kanter, Atty., Dept. of Justice, Washington, D. C., Borge Varmer, Regional Atty. and Barry J. Reiber, Asst. Regional Atty., Dept. of Health, Education and Welfare, New York City, on brief, for appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

PER CURIAM.

The administrative law judge concluded "that claimant preserved the functional capacity to perform his customary work of farm hand adequately." Upon adoption by the Appeals Council, this became the final decision of the Secretary. When review was sought before the district court, the Secretary's determination was held to be supported by substantial record evidence, and was affirmed.

We have little to add to the lower court's review of the medical evidence and case law. On appeal, there are several insubstantial allegations raised which we will address briefly.

■ First, appellant contends that the administrative law judge should have credited the internist, Dr. Soler-Bechara, rather than the other physicians, because (1) his conclusions were based on clinical and laboratory tests; (2) he was a specialist; and (3) he was the only doctor to consider all of the claimant's alleged illnesses. The record, however, demonstrates that the eye examinations; the psychiatric examination of Dr. Vassallo; the physical examinations by the other internist, Dr. Acosta Ruiz; and the ear, nose, and throat examinations by Dr. Ubinas, were all supported by clinical observations, laboratory tests or both. Moreover, the prior recitation indicates that this substantial medical record, upon which the Secretary relied, was compiled by physicians whose practices are at least as specialized as Dr. Soler-Bechara's.

As to whether Dr. Soler-Bechara's evaluation of the sum of appellant's complaints should be given more credence than the more narrowly focused reports of the other physicians, our review of the medical evidence shows that of the seven conditions Dr. Soler-Bechara listed, one, weight loss, was not considered an infirmity; two others, poor vision and mental state, were later found fully correctable by specialists in those fields; another, arthritis, was not found to be supported in the clinical evidence by either Dr. Soler-Bechara or Dr.

Acosta Ruiz. That leaves periodic ulcer flare-ups, for which claimant had medication, recurring headaches, and pain when his neck was extended or flexed.

In light of this greatly diminished basis, Dr. Soler-Bechara's conclusion need not be credited as fully as appellant seeks. *See Reyes Robles v. Finch*, 409 F.2d 84, 87 n.4, para. 1 (1st Cir. 1969).

We would also note that there was substantial record support for discrediting appellant's subjective description of his conditions. His eye examination on March 4, 1974, showed that with glasses his vision would be corrected to 20/20; a subsequent examination in September, 1974, indicated that glasses would bring his sight up to 20/30, and noted that

> "There are no symptoms or visible signs of future deterioration of vision. Patient has good vision with eyeglasses."

In spite of this, at the hearing on July 3, 1975, appellant had still not obtained eyeglasses and continued to rely upon his poor vision as a basis of his disability. Moreover, though he complained throughout of suffering from a peptic ulcer, he told his treating physician that he diets and uses the remedial medicine only "off and on". Claimant also told Dr. Soler-Bechara that he "does take coffee occasionally, which he feels exacerbates his epigastric pain". Where an applicant does not follow the prescribed medical advice which would remedy or reduce his impairments, such conduct is "arguably inconsistent with his complaints of pain", *Reyes Robles, supra*, at 87, fn. 4.

Additionally, in his application claimant stated that he could not bend, and could not "lift or carry anything". Both internists stated that he was able to bend. Dr. Soler-Bechara made no comment on his ability to lift or carry, but Dr. Acosta Ruiz noted that he could lift 50–100 pounds frequently.

■ Thus, appellant's own statements, rather than supporting his claim, tend to undercut it.* There was substantial evi-

---

* Since appellant has not established that he has an impairment or impairments that render him unable to perform his prior kind of work, we

agree with the Secretary and the district court that 20 C.F.R. § 404.1502(c) is inapplicable.

dence in the record to support the determination of the Secretary and the decision of the district court.

*The order of the district court is affirmed.*