**Luz E. MONROIG, Plaintiff,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant.**

Civ. No. 81–0383.

United States District Court,
D. Puerto Rico.

April 22, 1982.

Carlos M. Mangual López, Hato Rey, P. R., for plaintiff.

Raymond L. Acosta, U. S. Atty., Hato Rey, P. R., for defendant.

## OPINION AND ORDER

GILBERTO GIERBOLINI, District Judge.

This is an action brought under section 205(g) of the Social Security Act, as amended,[1] (the Act), to review a final determination of the Secretary of Health and Human Services, (the Secretary), which denied plaintiff's application for a period of disability and disability insurance benefits.

Plaintiff is a 42-year-old female (Tr. 94) with a high school education and two years of a commercial course (Tr. 119). She has worked as a secretary and as an assistant manager of an insurance agency. (Tr. 123–128) She met the special earnings requirements of the Act on July 1974, date on which she stated she became unable to work and continued to meet them through at least September 30, 1979. (Tr. 114)

An application for disability insurance benefits was filed by plaintiff on June 5, 1979 (Tr. 94–97) alleging disability due to hearing problems, (Tr. 48) constant headaches, dizzy spells, pains, nervousness (Tr. 58, 68) and weakness and pain of left hand as a result of an automobile accident. (Tr. 48, 209) The application was denied initially and on reconsideration. (Tr. 100, 104–110) Upon plaintiff's request, a hearing was held on June 24, 1980 (Tr. 25–91) presided by John J. Stowell, an administrative law judge (ALJ). Due to health reasons this ALJ was unable to render a decision. Thereafter, the case was decided by Solomon Goldman, another ALJ, who based his

---

1. 42 U.S.C. § 405(g).

decision on the entire record and on the notes of the ALJ who presided the administrative hearing. (Tr. 11) Specifically, he concluded *inter alia*, that plaintiff's allegation of severe neck and back pains, headaches and frequent dizzy spells were not credible when viewed in the light of the medical evidence on the record. (Tr. 15) The decision of Judge Goldman became the final decision of the Secretary when it was approved by the Appeals Council on January 19, 1981. (Tr. 4–6)

As we dispose of this case on the ground that it was error for the ALJ to arrive at credibility findings unaided by observation of the demeanor of the witnesses who testified at the administrative hearing, we do not reach plaintiff's contention that in the light of the entire record there is no substantial evidence to support the Secretary's determination.

It is settled law that it is the ALJ's judgment, not ours, that is controlling on issues of credibility. *Lizotte v. Secretary of HHS*, 654 F.2d 127 (1st Cir. 1981); *Torres Gutiérrez v. Secretary of HEW*, 572 F.2d 7, 8 (1st Cir. 1978); *Reyes Robles v. Finch*, 409 F.2d 84, 87 (1st Cir. 1969); *Fisher v. Secretary of HEW*, 522 F.2d 493 (7th Cir. 1975). Credibility determinations are given great respect by courts which recognize the fact finder is in the best position to evaluate the demeanor of the witness. *National Labor Relations Board v. Security National Life Insurance*, 494 F.2d 336 (1st Cir. 1974). As stated in *Beavers v. Secretary of HEW*, 577 F.2d 383 (6th Cir. 1978), "(t)he opportunity (of the ALJ) to observe the demeanor of a witness, evaluating what is said in the light of how it is said, and considering how it fits with the rest of the evidence gathered before the person who is conducting the hearing is invaluable ..." *Beavers*, at 387. See also *Kirk v. Secretary of HHS*, 667 F.2d 524, 538 (6th Cir. 1981); *Johnson v. Califano*, 607 F.2d 1178, 1183 (6th Cir. 1978).

In the instant case, the ALJ who rendered the decision did not have the opportunity to observe the demeanor of plaintiff because he did not conduct the hearing. He decided not to give credit to plaintiff's claims of severe, disabling pain, nervousness and of frequent dizzy spells without the unique opportunity to assess said credibility by listening and seeing the plaintiff personally. When rendering a judgment on subjective symptoms such as disabling pain, the personal observation of a petitioner takes on additional importance. The expression of his face, how he speaks, how he walks, how he behaves, goes a long way to prove whether or not he is sincere or just feigning and giving a sham appearance of disability. The cold typed record fails to capture the myriad details from which judges daily reach credibility judgments. Furthermore, demeanor evidence is an important criteria that should be considered in assessing a witness credibility, cf. *Robert A. Lobis v. Secretary of the U. S. Air Force*, 519 F.2d 304 (1st Cir. 1975) and as stated in *Beavers*, at 387, should not be discarded lightly.

We do not intimate what credibility if any should be accorded to plaintiff's allegations of severe and disabling pain, we only decide that demeanor evidence should be taken into account in cases involving credibility determinations. Since in the present case a proper credibility finding is crucial in determining whether or not plaintiff is disabled, this case is hereby REMANDED for further proceedings consistent with this Opinion.

The Clerk shall enter judgment accordingly.

SO ORDERED.