**James WINN, Plaintiff, Appellant,**

v.

**Margaret HECKLER, Secretary of Health and Human Services, Defendant, Appellee.**

No. 84–1691.

United States Court of Appeals, First Circuit.

Submitted Feb. 8, 1985.

Decided May 23, 1985.

William G. Savastano, North Smithfield, R.I., on brief, for plaintiff, appellant.

Robert L. Gammell, Asst. U.S. Atty., and Lincoln C. Almond, U.S. Atty., Providence, R.I., on brief, for defendant, appellee.

Before COFFIN, BREYER and TORRUELLA, Circuit Judges.

PER CURIAM.

The claimant, James Winn, applied for Social Security disability benefits on January 27, 1981, when he was 35 years old. He alleged that he had been disabled since December 26, 1979, the day he last worked as a die caster. An administrative law judge (ALJ), after a hearing, determined that the impairment of the claimant's right knee prevented him from returning to his former work, but that he retained the residual functional capacity for at least sedentary work. The ALJ relied on the Medical-Vocational Guidelines, Appendix 2, Subpart P of the Regulations, 20 C.F.R. Part 404, to determine that the claimant was not disabled. The Appeals Council declined to review the ALJ's decision, and accordingly that decision became the final decision of the Secretary. The district court granted summary judgment for the Secretary following a hearing, and the claimant appeals. We affirm.

At issue here are the requirements of the Social Security Act pertaining to pain and the ALJ's treatment of the claimant's hearing testimony. The gist of the claimant's testimony and the testimony of the claimant's wife was that pain, primarily in area of the right knee, prevented the claimant from working and generally required him to remain at home.

Unfortunately, the ALJ's report and findings, as the Secretary admitted at the hearing before the district court, do not clearly state the basis for the ALJ's decision. The ALJ states as a finding, "Complaints of totally disabling pain and debilitation are not credible," thus suggesting that he did not fully *believe* the testimony. But in his report the ALJ says,

Medical reports have been reviewed and no reason could be found for continued complaints of pain.... Under such circumstances, pertinent regulations mandate a finding of not disabled.... Un-

fortunately, I am unable to conclude that the complaints of totally disabling pain are credible. I regret that a more favorable determination would not be supported by the evidence.

This suggests that the ALJ may have believed the testimony but concluded the regulations prevented him from giving it any weight. The claimant argues here that the latter interpretation of the ALJ's decision is the correct one. For our purposes here, without deciding the matter, we will accept the claimant's characterization of the ALJ's remarks.[1] The question we must answer is whether the ALJ's view, given this characterization, is erroneous.

The Social Security Act, § 223(d)(1)(A), 42 U.S.C. § 423(d)(1)(A), defines "disability" in part as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment...." Section 223(d)(3) of the Act, 42 U.S.C. § 423(d)(3) states, "[A] 'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."[2] The Secretary's regulations state, "We will never find that you are disabled based on your symptoms, including pain, unless medical signs or findings show that there is a medical condition that could be reasonably expected to produce those symptoms." 20 C.F.R. § 404.-1529. The application of these provisions to the impairment of the claimant's right knee is not self-evident.

The hospital records show that the claimant injured his right knee in 1969 or 1970. He was hospitalized in 1972 and again in 1973; each of these times an operation was

performed on the knee. He returned to the hospital in May of 1974, and an arthrodesis was performed by Dr. Ronald Hillegass. This operation immobilizes the knee joint and permits the bones above and below the knee to fuse. There followed a delayed union of the leg bones, and Dr. Hillegass performed another operation in October of 1974. After that operation the claimant continued to complain of pain "on attempted full weight bearing." In April of 1975 Dr. Hillegass attributed the pain to tightness of the skin, and instructed the claimant to undergo physical therapy. In June of 1975 Dr. Hillegass reported that the claimant continued to report pain in the knee even though the skin appeared to be "much more mobile." The reported pain was "most marked on weight-bearing." Dr. Hillegass stated at that time, "In view of the x-ray findings, it is difficult to account for his pain." The complaints of pain continued, and in May of 1977 Dr. Hillegass performed exploratory surgery at the site of the right knee. Following that surgery the claimant still complained of pain "on attempted weight bearing." On November 1, 1978, Dr. Hillegass stated that the claimant "[i]s still having pain in his knee on occasion." The report of occasional pain was repeated in March of 1979.

In May of 1980 Dr. Hillegass reported that claimant complained of pain even when sitting. The physician stated, "It appears that the fusion is solid. It is difficult to account for his pain." In December of 1980 and March of 1981, Dr. Hillegass noted a small lump in the knee area, and he advised the claimant that it could be removed with local anesthesia. The medical reports do not indicate whether the lump had any relationship to the complaints of pain. The claimant testified that an opera-

---

1. If the ALJ simply did not believe the testimony, we would affirm the Secretary's decision, as "the Secretary is not at the mercy of every claimant's subjective assertions of pain." *Miranda v. Secretary of Health, Education and Welfare,* 514 F.2d 996, 1000 (1st Cir.1975). *See Reyes Robles v. Finch,* 409 F.2d 84, 87 (1st Cir. 1969).

2. As the Secretary's decision was made January 5, 1982, the day the Appeals Council denied review, we do not apply the provisions of the Social Security Disability Benefits Reform Act of 1984 amending § 223(d) of the Social Security Act.

tion to remove the lump had not been performed.

In March of 1981, Dr. Ralph Pike examined the claimant for the Rhode Island Disability Determination Service. Examination and x-rays revealed nothing wrong with the knee site. Dr. Pike stated, "At this time Mr. Winn exhibits a very satisfactory, apparently, surgical fusion of the knee joint. His subjective complaints of pain are not substantiated by the objective findings.... I can find no reason for this man's continued complaints of pain."

In summary, the medical evidence indicates that the claimant's knee site had completely healed following arthrodesis. By the time the claimant stopped work in December of 1979, the medical reports do not reveal a "medically determinable" cause for the claimant's pain, 42 U.S.C. § 423(d)(1)(A), nor was there "a medical condition that could be reasonably expected to produce those symptoms," 20 C.F.R. § 404.1529. This is not to say that the claimant experienced no pain, but is to say that the statutory requirement of a "medically determinable" ailment that might cause the pain had not been satisfied. *See Thompson v. Califano*, 556 F.2d 616, 618 (1st Cir.1977). *Cf. Miranda v. Secretary of Health, Education and Welfare*, 514 F.2d 996, 999 (1st Cir.1975) (a medically diagnosed current impairment that might cause pain is sufficient to require the Secretary to consider the subjective complaints of pain).

■ The claimant argues that a disability may be based upon subjective complaints alone. Isolated statements in some cases appear to support this view, but we have found no cases in the circuit courts of appeal in which the court concluded that the Secretary must consider subjective complaints of pain where there was no medical diagnosis of an impairment that could cause the pain. *See e.g., Reinhart v. Secretary, Health and Human Services*, 733 F.2d 571, 572–573 (8th Cir.1984) (diagnosis of psychological disorder that trans-

forms emotions into pain); *Thorne v. Schweiker*, 694 F.2d 170, 171 (8th Cir.1982) (diagnosis of arthritis in 1977 is relevant to complaint of pain in 1975); *Wiggins v. Schweiker*, 679 F.2d 1387, 1391 (11th Cir. 1982) (diagnosis of arthritis and heart disease); *Taybron v. Harris*, 667 F.2d 412, 415 (3rd Cir.1981) (diagnoses of numerous ailments); *Stark v. Weinberger*, 497 F.2d 1092, 1096–1097 (7th Cir.1974) (diagnosis of scleroderma); *Ber v. Celebrezze*, 332 F.2d 293 (2nd Cir.1964) (diagnosis of arthritis). The common denominator of these opinions is that subjective complaints of pain must be considered and evaluated (but not necessarily believed), but only if there is a medically determinable impairment linked to the pain. *See e.g., Gallagher on Behalf of Gallagher v. Schweiker*, 697 F.2d 82 (2nd Cir.1983); *Wiggins v. Schweiker, supra; Miranda v. Secretary, supra; Bittel v. Richardson*, 441 F.2d 1193 (3rd Cir.1971); *Dvorak v. Celebrezze*, 345 F.2d 894 (10th Cir.1965). Indeed, this view is consistent with the Social Security Act.

■ Here, the claimant had a medically determinable physical impairment, the fusion of his right knee. However, the uncontroverted medical evidence indicates that the fusion, the intended result of the operation in 1974, had fully healed, and that there remained nothing medically determinable that could cause pain. We conclude that subjective complaints of pain need not be weighed in this instance.

*The judgment of the district court is affirmed.*