Antonio MILONAS, Plaintiff,

v.

Margaret M. HECKLER, Secretary of
Health and Human Services,
Defendant.

Civ. A. No. 85–0477–Y.

United States District Court,
D. Massachusetts.

Jan. 27, 1986.

Antonio Milonas, pro se.

Robert F. Sylvia, Fine & Ambrogne, Boston, Mass., for plaintiff.

Marianne Bowler, Asst. U.S. Atty., for defendant.

## MEMORANDUM AND ORDER

YOUNG, District Judge.

The plaintiff Antonio Milonas ("Milonas") brought this action to obtain judicial review of a final decision of the Secretary of Health and Human Services (the "Secretary") denying his application for Social Security disability benefits. The Secretary found that, despite some pain and certain recognized physical limitations, Milonas retained the residual functional capacity to perform sedentary work provided that he not be required to bend, crawl, stoop, climb, lift or carry objects weighing over five pounds, and that he be allowed to sit or stand at his discretion. Milonas argues that he is in fact disabled by certain psychological and emotional factors not considered by the Administrative Law Judge. Milonas further contends that the Administrative Law Judge exceeded his authority by weighing his own observations more heavily than those of three trained psychological experts when, as trier of fact, the Administrative Law Judge observed that Milonas showed "no outward signs of any significant psychological or psychiatric impairment." (Tr. 16)

## I.

Milonas is a 39 year old man who came to the United States from Greece in 1971. Although he speaks some English, Milonas has a limited sixth grade education and asserts that he is illiterate in English. From 1971 to 1973, Milonas worked for Teledyne Rodney Metals of New Bedford, Massachusetts as a laborer performing heavy unskilled work. Beginning in 1973, Milonas worked as a grinder in metal processing, a job considered heavy, skilled labor. During this period, Milonas led an active life and was sufficiently physically fit to lift large rolls of metal at work which weighed between 50 and 100 pounds each.

On August 4, 1979, Milonas injured his back while lifting a heavy metal roll at work. Generally diagnosed as chronic lumbar sprain, Milonas' injury has been treated, both initially and over the intervening years, by a variety of physicians. For the injury, Milonas received a Workmen's Compensation settlement of $15,000 in December, 1983. Milonas has not returned to work.

Milonas applied for disability benefits on June 10, 1983, alleging an inability to work since August 4, 1979. The application was denied initially and upon reconsideration. The Administrative Law Judge considered the case *de novo* and, on May 30, 1984, found that Milonas was not under a disability. The Appeals Council approved the decision of the Administrative Law Judge on

August 24, 1984, rendering it the final decision of the Secretary.

## II.

A district court reviewing a decision of the Secretary must determine whether the decision is supported by substantial evidence and conforms to statutory requirements. *Geoffroy v. Secretary of HHS*, 663 F.2d 315, 319 (1st Cir.1981). The relevant statute defines a disabled individual as one who is unable:

> to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months....

42 U.S.C. § 423(d)(1)(A) (1982). Section 423(d)(2)(A) further provides that an individual:

> shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy....

*Id.* § 423(d)(2)(A).

The Secretary has promulgated regulations that employ a series of tests to determine whether a claimant is disabled. 20 C.F.R. § 404.1520 (1985). *See Goodermote v. Secretary of HHS*, 690 F.2d 5, 6 (1st Cir.1982). In particular, the Social Security Administration asks five questions in the following order:

First, is the claimant currently employed? If so, the claimant is automatically considered not disabled.

Second, does the claimant have a severe impairment? A "severe impairment" means an impairment which "significantly limits his or her physical or mental capacity to perform basic work-related functions." 20 C.F.R. § 404.1521 (1985). If the claimant does not have a severe impairment, the

claimant is automatically considered not disabled.

Third, does the claimant have an impairment equivalent to one specifically listed in the regulations' Appendix 1? If so, the claimant is automatically considered disabled.

These first three tests are threshold "medical" tests. If the claimant is found to have a severe impairment (test 2) but that impairment is not equivalent to one listed in Appendix 1 (test 3), the agency goes on to the fourth and fifth questions, which apply "vocational" tests:

Fourth, does the claimant's impairment prevent him from performing work of the sort he has done in the past? If not, he is not disabled. If so, the agency asks the fifth question.

Fifth, does the claimant's impairment prevent him from performing other work of the sort found in the economy? If so, he is disabled; if not, he is not disabled. *Goodermote v. Secretary of HHS*, 690 F.2d at 6–7.

In applying these last two "vocational" tests, the claimant has the burden of proving that he is disabled under the fourth test; that is, he must prove that his disability is serious enough to prevent him from working at his former jobs. However, the Secretary bears the burden of showing that the claimant has not satisfied the fifth test; that is, the Secretary must show the existence of other jobs in the national economy that the claimant can perform. *Id.* at 7.

The Secretary has promulgated a set of medical-vocational guidelines known as "the Grid" to simplify the application of the fifth test. 20 C.F.R. Part 404, Subpart P, Appendix 2 (1985). The Grid has been upheld as a legitimate exercise of the general rulemaking authority granted to the Secretary. *Heckler v. Campbell*, 461 U.S. 458, 103 S.Ct. 1952, 76 L.Ed.2d 66 (1983); *Torres v. Secretary of HHS*, 677 F.2d 167, 169 (1st Cir.1982). The Grid is basically a matrix, including different combinations of the four essential factors set out in the statute (physical ability, age, education,

and work experience) and stating, as to each combination, whether a claimant with those characteristics is "disabled" or "not disabled." It consists of three separate tables, one for those who retain the residual exertional capacity to perform "sedentary" work, one for those with the residual capacity to perform "light" work, and one for those with the residual capacity to perform "medium" work. The Administrative Law Judge simply selects the proper table and row based on the characteristics he finds the claimant to possess and reads the conclusion—"disabled" or "not disabled"—from the last column on the table. *Sherwin v. Secretary of HHS*, 685 F.2d 1, 2 (1st Cir.1982).

When application of the Grid directs a finding that an individual claimant is "not disabled," the Administrative Law Judge is not required to name specific jobs that the claimant could perform. The Grid is designed to "make application of the statutory definition of disability more uniform and more fair, by eliminating the need to rely upon an individual vocational expert's knowledge in many relatively uncomplicated situations." *Torres v. Secretary of HHS*, 677 F.2d at 169. If the facts of a particular case do not fit squarely within one of the rules included in the Grid because they reveal a borderline case or a case lying between the two rules, those rules still "provide guidance;" they are to be given "consideration," and they "provide an overall structure for evaluation." 20 C.F.R. Part 404, Subpart P, Appendix 2, § 200.00(d). If instead the facts do not fit squarely within a rule because the claimant has a combination of impairments—particularly if the claimant has a nonexertional impairment—the rules require still more individualized consideration. *Id.* at § 200.-00(e); *Sherwin v. Secretary of HHS*, 685 F.2d at 3.

Whether or not the Grid directs a conclusion in a particular case, the Administrative Law Judge nevertheless must analyze each claimant's physical ability, age, education, and work experience, and must also determine whether the claimant suffers from nonexertional impairments. Each of these findings is subject to judicial review. *Torres v. Secretary of HHS*, 677 F.2d at 170.

Judicial review of Social Security disability determinations is limited, and the Court must affirm the Secretary's decision if it is supported by substantial evidence. The resolution of conflicts in the evidence and the determination of the ultimate question of disability is for the Secretary. Therefore, this Court must uphold the Secretary's findings in this case if a reasonable mind, reviewing the entire record as a whole, could accept it as adequate to support the Secretary's conclusions. *Rodriguez v. Secretary of HHS*, 647 F.2d 218, 222 (1st Cir.1981).

### III.

The Administrative Law Judge found that Milonas has moderate back discomfort secondary to chronic lumbar strain, but that he does not have an impairment or combination of impairments listed in or medically equal to any described in Appendix 1. The Administrative Law Judge further found that Milonas does not suffer from any severe psychiatric or psychological impairment, has complaints of headaches and dizziness unsupported by objective medical evidence, and alleges a severity of back pain unsupported by the record and by credible subjective testimony.

Moving on to the vocational tests, the Administrative Law Judge found that Milonas was unable to perform his past relevant work, but retained the functional capacity to engage in limited sedentary work. Milonas' limitations include all manner of bending, lifting restrictions of five pounds or less, and accommodation for discretionary sitting or standing as needed. The Administrative Law Judge next considered the exertional capacity required for sedentary work and Milonas' age, education and work experience. In this context, the Administrative Law Judge credited testimony of a vocational expert that Milonas' restrictions could be accommodated within several possible jobs, all of which are available in

significant numbers in the regional and national economy. The suggested jobs include: casting inspector, polisher, cable maker, trimmer, and cutting machine attendant.

## IV.

Milonas argues for reversal or remand because he asserts that the Administrative Law Judge (1) failed to consider the psychological and emotional elements in his pain, (2) exceeded his authority, and (3) failed to consider Milonas' subjective accounts of pain.

### (1) Alleged Failure to Consider the Psychological and Emotional Factors of Pain

■ Milonas contends that the Administrative Law Judge failed to consider the psychological and emotional bases of his pain. The Court observes that, although the Administrative Law Judge gave these factors short shrift, he did address them:

Dr. Greene offered a diagnosis of a ruptured L4–5 disc, by history, with emotional overlay. (Tr. 14)

Dr. Shapiro also suggested the possibility of a psychiatric or psychological component to the claimant's complaints. (Tr. 14)

Nor does the record support a finding of any severe psychiatric impairment which could reasonably be expected to interfere with the claimant's ability to meet the mental demands of work. (Tr. 16) [rejecting Dr. Morris' assessment as "not entitled to substantial weight." (Tr. 16)][1]

Contrary to Milonas' allegations, his complaints of psychologically and emotionally derived pain were recognized, considered, and rejected. The record before the Court demonstrates that this rejection is supported by "more than a scintilla" of evidence and is, in fact, supported by "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971), citing *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 216, 83 L.Ed. 126 (1938).

Milonas further argues that Dr. Ciminello diagnosed him as "disabled." (Tr. 127, 133–135)[2] It is well-established, however, that the conclusion of "disability" by a treating physician is not binding on the Secretary. *Tremblay v. Secretary of Health and Human Services*, 676 F.2d 11, 13 (1st Cir.1982). Determination of the ultimate question of disability is for the Secretary, not for the doctors or the courts. *Rodriguez v. Secretary of Health and Human Services*, 647 F.2d 218, 222–223 (1st Cir.1981).

The Court determines that there is substantial evidence that the Administrative Law Judge considered possible psychological and emotional causes of Milonas' complaints and rejected them. While the Administrative Law Judge ought consider such factors, as he properly did, he need not find them persuasive, as he did not.

### (2) Actions Alleged to be in Excess of the Administrative Law Judge's Authority

Milonas next argues that, when the Administrative Law Judge assessed his psychological and emotional complaints, he acted improperly in considering and finding that:

It should be noted that the Administrative Law Judge had an opportunity to observe the claimant at the hearing and that there were no outward signs of any significant psychological or psychiatric impairment which could reasonably be expected to interfere with the claimant's

---

1. Dr. Morris diagnosed Milonas as having Organic Affective Syndrome manifested by depression, crying spells, sleeplessness, and frequent episodes of intractable pain. (Tr. 181)

2. On July 23, 1980, Dr. Ciminello wrote: "In my opinion, the patient [Milonas] is disabled as far

as work is concerned." (Tr. 183) *See also* Dr. Coleman: "It is my opinion that this man is totally disabled from any job activity that requires *heavy lifting, repetitive bending* or prolonged sitting or standing." [Emphasis added.] (Tr. 106)

capacity to meet the mental demands of work. (Tr. 16)

Citing *King v. Secretary of Health, Education and Welfare*, 481 F.Supp. 947, 948–949 (E.D.Pa.1979), Milonas argues that the Administrative Law Judge cannot take judicial notice of the symptomatology, psychology, and physiology associated with pain which are not common knowledge.

If the Administrative Law Judge rejected Milonas' claims of psychological impairment solely, or even primarily, on his observations as recounted above, it would constitute reversible error. While credibility and weight are for the Administrative Law Judge, expertise is for the experts. Particularly in cases of psychological impairment, the Administrative Law Judge seriously errs if he seeks outward signs of mental turmoil for, even among the very ill, none may be visible.

■ Nonetheless, the Court concludes that, however errant this observation by the Administrative Law Judge, there is substantial evidence in the record to support the conclusion that there is no "significant psychological or psychiatric impairment which could reasonably be expected to interfere with Milonas' ability to meet the mental demands of work." (Tr. 16) The reports of Drs. Greene and Shapiro and the accompanying clinical tests constitute the evidence in the record sufficient to support this conclusion. Although error, the Administrative Law Judge's comment does not erode the substantial support for his result and, therefore, must be dismissed as harmless.[3] The Court rules that the Administrative Law Judge did exceed his authority, but such error did not constitute the sole or primary basis for his findings.

### (3) Subjective Pain

■ In evaluating pain symptomatology for evidence of a disability, Milonas bears the burden of showing a "medically determinable" ailment which might cause the pain. *Winn v. Heckler*, 762 F.2d 180, 181 (1st Cir.1985). Milonas argues that pain which is subjective in nature and which is unaccompanied by any objective observable symptoms may yet be so real and intense as to be disabling and, as such, will support a claim for disability benefits. This misstates the law. Neither party makes much of this requirement, however, though the Secretary properly calls the Court's attention to the new standard pursuant to the Social Security Disability Benefits Reform Act of 1984.[4] For this reason, the Court assumes without deciding that the Administrative Law Judge acknowledged the existence of a "medically determinable ailment" when he found that Milonas had a "chronic lumbar strain." (Tr. 17, ¶ 3) This satisfies the Secretary's regulations which state that "we will never find that you are disabled based on your symptoms, including pain, unless medical signs or findings show that there is a medical condition that could reasonably be expected to produce these symptoms." 20 C.F.R. Section 404.1529.

■ Assuming both the identification of an objective source for the pain and the

---

3. This should not be taken to encourage or condone psychiatric diagnoses by Administrative Law Judges at disability hearings. The Administrative Law Judge is not a psychiatric expert and must restrict himself to his proper legal functions.

4. The Secretary does not assert that the new standard governs this case. It does, however, impose upon future claimants a more stringent burden:

An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show

the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce pain or other symptoms alleged and which, considered with all evidence required to be furnished under this paragraph ..., would lead to a conclusion that the individual is under a disability. Objective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques must be considered in reaching a conclusion as to whether the individual is under a disability.

42 U.S.C. § 423(d)(5)(A), as amended by the Social Security Benefits Reform Act of 1984, Pub.L. 98–460.

fact of at least *some* pain, the issue remains: did the Administrative Law Judge consider Milonas' subjective accounts of pain when he found the extent of that pain not disabling? The Administrative Law Judge finds: "The claimant's description at the hearing regarding the severity of his back pain and the degree of restriction imposed by his condition is not supported by the objective medical evidence, to the degree alleged, and his testimony was not entirely credible." (Tr. 17) The hearing transcript amply demonstrates that the Administrative Law Judge sought and entertained Milonas' "description" of the "severity of his back pain." The Administrative Law Judge acts properly when he evaluates, as he did, these subjective assertions of disabling pain for credibility, motivation, and medical impairment. *Alvarado v. Weinberger*, 511 F.2d 1046, 1049 (1st Cir. 1975).

■ The Administrative Law Judge clearly evaluated Milonas' credibility: "his testimony was not entirely credible." Insofar as he has the opportunity to observe demeanor and determine credibility, the observations of the Administrative Law Judge should be given great weight, particularly when assessing disabling pain. *See Monroig v. Secretary of Health and Human Services*, 538 F.Supp. 710, 711 (D.P.R. 1982). In fact, it is settled law that the judgement of the Administrative Law Judge is controlling on the issue of credibility. *Id.* at 711, citing *Lizotte v. Secretary of Health and Human Services*, 654 F.2d 127 (1st Cir.1981). Thus, the Administrative Law Judge does not dispute that Milonas has *some* pain, rather it is the "degree alleged"—the extent and scope of the pain—which was found not credible.

■ The Administrative Law Judge also evaluated Milonas' subjective assertions of pain in view of objective medical evidence. This is proper, for the actual degree of a claimant's pain is for the Secretary to evaluate in light of the supporting medical evidence. *Gagnon v. Secretary of Health and Human Services*, 666 F.2d 662, 665 (1st Cir.1981). In fact, the Administrative

Law Judge ought weigh Milonas' subjective complaints in conjunction with objective medical determinations and make an independent judgment about his physical limitations and restrictions. *See Thompson v. Califano*, 556 F.2d 616, 617–618 (1st Cir.1977). In no event, however, is the Secretary at the mercy of every claimant's subjective assertions of pain. *Id.* at 618; *Miranda v. Secretary of Health, Education and Welfare*, 514 F.2d 996, 1000 (1st Cir.1975).

The Administrative Law Judge specifically weighed the above factors:

> In this regard, Dr. Coleman's statement regarding the functional limitations imposed by the claimant's condition (he would be unable to engage in any job activity requiring heavy lifting, repetitive bending or prolonged sitting or standing) is more persuasive than Dr. Ciminello's assessment [that Milonas was disabled (Tr. 183)] in light of the negative myelograms and CAT scan, the absence of any significant motor, sensory or reflex abnormalities upon physical examination. (Tr. 15)

(*See* Tr. 111, 113, 120, 129, 152, 166, 177.)

■ ■ When there is a conflict in the record, the Administrative Law Judge has the duty to weigh the evidence, resolve material conflicts in the testimony, and determine the case accordingly. *Richardson v. Perales*, 402 U.S. 389, 399–400, 91 S.Ct. 1420, 1426, 28 L.Ed.2d 842 (1971); *Alvarado v. Weinberger*, 511 F.2d 1046, 1049 (1st Cir.1975); *Gonzalez v. Richardson*, 455 F.2d 953, 954 (1st Cir.1972). Moreover, it is entirely proper for the Administrative Law Judge to accord greater weight to findings which would result from more extensive objective clinical and laboratory tests as opposed to physician's opinions which are not supported by such objective testing. *See Torres v. Secretary of Health, Education and Welfare*, 333 F.Supp. 676, 679 (D.P.R.1971). In summary, the Administrative Law Judge appropriately weighed the objective clinical evidence, resolved its conflicts, and measured his resulting judg-

ment against Milonas' subjective accounts of disabling pain.

 The findings of the Secretary are conclusive if supported by substantial evidence and this Court should not engage in the resolution of conflicting evidence which is solely within the province of the Secretary. *Gonzalez v. Richardson,* 455 F.2d at 954. Because the Administrative Law Judge acted properly when he weighed objective evidence against Milonas' subjective complaints and because the record provides substantial support for the findings of the Administrative Law Judge, the Court affirms the Secretary's conclusions regarding Milonas' subjective pain.

■ The Administrative Law Judge's conclusion that Milonas is not disabled is also supported by the application of the Medical-Vocational Guidelines (the Grid). Use of the Grid will satisfy the Secretary's burden of proof. *Heckler v. Campbell,* 461 U.S. 458, 461–462, 103 S.Ct. 1952, 1954–1955, 76 L.Ed.2d 66 (1983); *Torres v. Secretary of Health and Human Services,* 677 F.2d 167, 169–170 (1st Cir.1982). The Secretary found that despite Milonas' pain and restrictions on bending, climbing and lifting, he retains the residual functional capacity to engage in sedentary work provided that he can stand or sit at his discretion. (Tr. 17, ¶ 7) A vocational expert testified that significant numbers of jobs exist in the regional and national economy satisfying these criteria. These include casting inspector, polisher, cable maker, trimmer, and cutting machine attendant. (Tr. 18, 52–54) Milonas' need to assume alternate sitting and standing positions is consistent with a finding of sedentary work. *Thomas v. Secretary of Health and Human Services,* 659 F.2d 8, 11 (1st Cir.1981).

### Conclusion

The Court's role on review is limited, and even more limited once it holds that there is substantial evidence in the record to support the conclusions of the Secretary as articulated by the Administrative Law Judge.

The Court holds that the Administrative Law Judge did consider the possibility that Milonas' pain is caused in part by a psychological or emotional overlay and did consider evidence supportive of Milonas' subjective accounts of pain. Although the Court rules that the Administrative Law Judge exceeded his authority in assessing Milonas for outward manifestations of his mental health at the hearing, the Court has determined that other substantial evidence cures this error.

Accordingly, the decision of the Secretary is AFFIRMED.