Carmen **RIVERA DE JESUS, Plaintiff,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant.**

**Civil No. 03–1145(JAG).**

United States District Court,
D. Puerto Rico.

Sept. 12, 2003.

Raymond Rivera–Esteves, Juan Hernandez Rivera & Assoc., San Juan, PR, for Plaintiff.

Camille L. Velez–Rive, United States Attorney's Office, Torre Chardon, San Juan, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

On February 12, 2003, plaintiff Carmen Rivera De Jesus ("Rivera") sought review pursuant to section 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), of a final decision rendered by the Commissioner of Social Security("Commissioner") denying her claim for a period of disability and disability insurance benefits. Both parties have filed memoranda supporting their respective positions (Docket Nos. 8, 7). Upon a review of the record, the Court concludes that the Commissioner's findings are supported by substantial evidence. Accord-

ingly, the Court affirms the Commissioner's decision.

## FACTUAL BACKGROUND.

Rivera is a 68–year–old woman with a 5th grade education and past relevant work history as a sewing machine operator. On August 31, 1999, Rivera filed an application for a period of disability and disability insurance benefits, alleging she was unable to work since January 16, 1998, due to lower back, hip, leg, wrist, shoulder and elbow pain. The Social Security Administration ("SSA") denied the application initially and on reconsideration. On November 21, 2000, after considering the case "de novo" the Administrative Law Judge ("ALJ") found that Rivera was not disabled. The Appeals Council, after considering additional evidence, denied review of the ALJ's decision on January 13, 2003, rendering it the final decision of the Commissioner, thus subject to judicial review under section 205(g) of the Act.

Rivera states three reasons why the ALJ's decision was not supported by substantial evidence. First, she alleges the decision was based solely on those points favorable to the Commissioner, not on the record as a whole. Second, she contends that the Commissioner is required to carefully examine her pain and discomfort complaints, as they in and of themselves may reach disabling levels, to make an assessment. She argues that complaints of pain cannot be disregarded solely on the basis that there exists no objective evidence in support of such complaints. She alleges the evidence of disability was not controverted at all by any other medical evidence on record and that this was ignored by the ALJ. Rivera contends the ALJ disregarded this evidence and based his decision on his own opinion, when he was not an expert. Third, Rivera claims that the ALJ erred by finding her alleged inability to perform her past relevant work as a sewing machine operator not credible. She claims a vocational expert should have been consulted in order to prove her capability to perform her past work or any other gainful work activity.

The Commissioner responds to Rivera's arguments as follows. First, that she is not disabled within the definition of the Act. Second, that she bears the burden of proving her disability and that her complaints alone are insufficient to satisfy this burden and entitle her to disability benefits. Third, they assert the medical evidence on record reveals that plaintiff could return to her former job as a sewing machine operator, and that she has residual functional capacity to perform work related activities so long as they do not involve heavy lifting and carrying. Finally, the Commissioner asserts that the ALJ did consider Rivera's complaints, but found them not to be credible in light of the medical evidence on record, and credibility issues fall squarely within the scope of the ALJ's functions.

## DISCUSSION

Once supported by "substantial evidence" of the record, the Commissioner's findings must be upheld, even if this Court disagrees with them, or had it reviewed the evidence under a *de novo* standard of review, found otherwise. *Lizotte v. Secretery S.H.H.S.*, 654 F.2d 127 (1st Cir.1981). Judicial review of a Social Security claim is limited to determining whether the ALJ used the proper legal standard and found facts upon the proper quantum of evidence. *Ward v.Commissioner*, 211 F.3d 652, 655 (1st Cir.2000).

In order to receive disability insurance benefits, Rivera must prove she is disabled within the meaning of the Act. *See, e.g., Deblois v. Secretary of HHS*, 686 F.2d 76, 79 (1st Cir.1982). Rivera is considered

disabled within the meaning of the Act only if she is unable to perform any substantial gainful work as a result of any "medically determinable" condition that can be expected to last for at least 12 continuous months. 42 U.S.C. § 416(i)(1), 423(d)(1). Her impairments must be severe enough to prevent her from working, not only in her usual occupation but in other substantial gainful work considering her age, education, training, and work experience. *See* 42 U.S.C. § 423(d)(2)(A). Evidence of a physical impairment cannot suffice for an award of disability insurance benefits; Rivera must also be precluded from engaging in any substantial gainful activity by reason of such impairment. *See e.g. McDonald v. Secretary of HHS,* 795 F.2d 1118, 1120 (1st Cir.1986). Rivera's complaints cannot provide the basis of entitlement when they are not supported by medical evidence. *Avery v. Secretary of HHS,* 797 F.2d 19, 20–21 (1st Cir.1986). Section 223(d)(5) of the Act states "an individual shall not be considered under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner may require." 42 U.S.C. § 423(d)(5). Partial disability does not qualify a claimant for disability benefits. *Rodriguez v. Celebrezze,* 349 F.2d 494, 496 (1st Cir. 1965).

The 5–step evaluation process by which disability insurance benefits should be determined is set forth in 20 C.F.R. § 404.1520. The sequential evaluation for the adjudication of disability claims is the following:

1. Whether the claimant is currently engaged in substantial gainful activity.

2. Whether the claimant suffers from a severe impairment.

3. Whether such impairment is one, or is analogous to one of the impairments listed under Appendix I to Subpart P of the Administrative Regulations No. 4. of the Act.

4. Whether the claimant's impairments prevent her from performing her past relevant job; and finally

5. Whether the claimant is able to perform any other form of substantial gainful activity.

In this case Rivera complies with steps 1 and 2 since she has not been working since January 16, 1998 and she alleges to be impaired by her multiple pain sufferings. However, at step 3 of the evaluation process, the ALJ found that her impairments are not any of those or analogous to those impairments listed under Appendix I to Subpart P of the Administrative Regulations No. 4. of the Act. Notwithstanding, the ALJ went on to find that Rivera had a residual functional capacity to perform work related activities not involving heavy lifting and carrying. He determined that she could perform her past relevant work as a sewing machine operator. In light of this finding, her claim was denied.

■ Rivera contends that the conclusions of the ALJ were not based on substantial evidence. Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. N.L.R.B.,* 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938). Rivera has set forth medical evidence on various medical conditions such as: hypertension, herniated disc, and lumbosacral strain. Notwithstanding, none of these conditions constitute medical evidence that would entail the disabling pains she alleges. In cases where an evaluation on pain is in order, courts have held that "there must be medical signs and findings, established by medically acceptable clinical and laboratory diagnostic techniques, which show the existence of a medical

impairment ... which could reasonably be expected to produce the pain alleged". 42 U.S.C. § 423(d)(5). *Avery v. S.H.H.S.,* 797 F.2d 19, 20–21 (1st Cir.1986). The physical examination performed by Dr. Luis Olivari on November 2, 1999, as well as the evaluations from two non-examining state agency physicians in November, 1999 and April, 2000 support the conclusion that Rivera could perform light work for periods of six hours with normal breaks so long as the activity did not involve heavy lifting and carrying. The Court finds that this concurring medical evidence from three independent physicians constitutes substantial evidence to support the ALJ's determination.

■ Moreover, credibility determinations are within the ALJ's province as trier of fact. *Monroig v. Secretary of Health and Human Services,* 538 F.Supp. 710, 711 (D.P.R.1982). Plaintiff's self-serving allegations alone will not suffice for a finding of disability. *Bianchi v. Secretary of Health and Human Services,* 764 F.2d 44, 45 (1st Cir.1985). In this case, the ALJ found Rivera's complaints not credible after taking into consideration the medical evidence on record. The record does not show any condition which would cause the alleged degree of pain, or that would impair her ability to perform her past work as a sewing machine operator.

■ As a final note, Rivera's complaint that the ALJ arrived at his conclusion regarding her residual functional capacity by only taking into consideration his opinion, not that of a vocational expert is without merit. The ALJ evaluated the assessments of two non-examining state agency physicians, Dr. Acisclo Marxuach and Dr. J.R. Pesquera, dated November 1999 and April 2000 respectively. Both physicians independently concurred that Rivera could perform light work, with the ability to sit for six hours a day, and stand and walk for six hours a day, with normal breaks. The opinion of these two physicians constitutes substantial evidence to support the ALJ's decision.

A thorough review of the record, reveals that the decision of the ALJ is consistent with the absence of an evidenced condition which would cause a disabling degree of pain. The ALJ correctly concluded Rivera was capable of returning to her past relevant work or to any other activity which did not include heavy lifting or carrying.

### CONCLUSION

For the above stated reasons, the Court affirms the Commissioner's decision denying plaintiff's request for disability insurance benefits. Judgment shall enter accordingly

IT IS SO ORDERED.