Elizabeth **GONZALEZ RUIZ**, Plaintiff,

v.

**COMMISSIONER OF SOCIAL SECURITY**, Defendants.

Civil No. 02–1991(JAG).

United States District Court, D. Puerto Rico.

Sept. 23, 2003.

Raymond Rivera–Esteves, Juan Hernandez Rivera & Assoc., San Juan, PR, for plaintiff.

Camille L. Velez–Rive, United States Attorney's Office, San Juan, PR, for defendant.

## OPINION AND ORDER

GARCIA GREGORY, District Judge.

On June 26, 2002, plaintiff Elizabeth Gonzalez Ruiz, ("Gonzalez") sought review, pursuant to section 205(g) of the Social Security Act (the "Act"), as amended, 42 U.S.C. §§ 405(g), of a final decision rendered by the Social Security Commissioner ("Commissioner") denying her claim for disability benefits. Both parties have filed memoranda in support of their respective positions (Docket Nos. 14, 20). Upon a review of the record, the Court concludes that the Commissioner's findings are supported by substantial evidence. Accordingly, the Court affirms the Commissioner's decision.

## FACTUAL BACKGROUND

The claimant is a sixty-two (62) year-old woman who has attained a sixth grade education level. Her past work experienced includes employment as an inspector and machine operator. Gonzalez alleges that she became disabled on June 10, 1998 due to a mild carpal tunnel syndrome,

lumbar spoclulosis and a dysthymic (mental) disorder. Plaintiff filed an application for disability insurance benefits on September 27, 1999. The application was denied, reached the hearing level and a hearing was held on December 14, 2000. The Administrative Law Judge (ALJ) before whom plaintiff appeared considered the case *de novo* and on March 22, 2001, found that plaintiff was not disabled. On May 17, 2002, the Appeals Council denied review of the ALJ's decision, rendering it the final decision of the Commissioner. Thus, the decision is subject to judicial review pursuant to section 405(g) of the Act.

After careful consideration of the record, the ALJ found that Gonzalez was not disabled. The ALJ found that while Gonzalez had several conditions, they were not an impairment or combination of impairments listed in, or medically equal to the Commissioner's Listing of Impairments. The ALJ went on to find that plaintiff had the residual functional capacity to perform work-related activities, except for strenuous lifting and carrying, and highly stressful activities. The ALJ concluded that Gonzalez' impairments did not prevent her from performing her past relevant work as an inspector and machine operator and thus denied her claim for disability insurance benefits. For the reasons, that follow, the Court holds that the ALJ's determination was supported by substantial evidence and therefore affirms his denial of plaintiff's application for social security benefits.

## DISCUSSION

The Court must determine whether the Commissioner's finding that the plaintiff is not disabled is supported by substantial evidence on the record as a whole. Substantial evidence has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). Once supported by "substantial evidence" in the record, the Commissioner's findings must be upheld, even if this Court disagrees with them, or had it reviewed the evidence under a *de novo* standard of review, found otherwise. *Lizotte v. Secretery S.H.H.S.*, 654 F.2d 127 (1st Cir.1981). Judicial review of a Social Security claim is limited to determining whether the ALJ used the proper legal standard and found facts based on the proper quantum of evidence. *Ward v.Commissioner*, 211 F.3d 652, 655 (1st Cir.2000).

In order to receive disability insurance benefits, Gonzalez bears the burden of proving that she is disabled within the meaning of the Act. *See Evangelista v. S.H.H.S.*, 826 F.2d 136, 140 n. 3 (1st Cir. 1987); *Deblois v. Secretary of HHS*, 686 F.2d 76, 79 (1st Cir.1982). Gonzalez is considered disabled within the meaning of the Act only if she is unable to perform any substantial gainful work because of a medical condition that can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §§ 416(i)(1), 423(d)(1). Her impairment must be so severe as to prevent her from working not only in her usual occupation but in any other substantial gainful work considering her age, education, training, and work experience. *See* 42 U.S.C. §§ 423(d)(2)(A). Evidence of a physical impairment cannot suffice for an award of disability insurance benefits; Gonzalez must also be precluded from engaging in any substantial gainful activity by reason of such impairment. *McDonald v. Secretary of HSS*, 795 F.2d 1118, 1120 (1st Cir.1986).

The fact findings made by the ALJ "are conclusive when supported by substantial evidence, 42 U.S.C. §§ 405(g), but are not conclusive when derived by

ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir.1999). The resolution of conflicts in the evidence and the ultimate determination of disability are for the ALJ, not the Courts. *See Rodriguez v. Secretary of HSS*, 647 F.2d 218, 222 (1st Cir.1981). Moreover, Gonzalez's complaints cannot provide the basis of entitlement when they are not supported by medical evidence. *Avery v. Secretary of HSS*, 797 F.2d 19, 20–21 (1st Cir.1986).

Gonzalez' main contention is that the ALJ erred as a matter of law by failing to consider her mental condition. She asserts that her mental status was not good, as stated by the ALJ, and that the evidence in the record clearly shows that she has a severe mental impairment that prevents her from performing her past work or engaging in gainful activity. Gonzalez contends that, in determining she was fit to perform her past relevant work, the ALJ only considered the evidence favorable to the Commissioner, while disregarding the overwhelming evidence to the contrary.

For the reasons set forth below, the Court finds that there is sufficient evidence in the record to support the ALJ's conclusion that Gonzalez was not disabled between May 17, 2002, the date of the last administrative decision, and September 27, 1999, the date she last met the insured requirements.

The five-step evaluation process by which disability insurance benefits should be determined is set forth in 20 C.F.R. § 404.1520. The sequential evaluation for the adjudication of disability claims is the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant suffers from a severe impairment; (3) whether such impairment is one, or is analogous to one of the impairments listed under Appendix I to Subpart P of the Administrative Regulations No. 4. of the Act; (4)whether the claimant's impairments prevent her from performing her past relevant job; and finally; (5) whether the claimant is able to perform any other form of substantial gainful activity.

At the third step, the ALJ ruled that Gonzalez's medical condition, which evidenced mild carpal tunnel syndrome, lumbar spondylosis, cervical and lumbar myositis, and a mental disorder, did not meet nor was medically equivalent to one of those listed in the regulations. The ALJ went on to find that plaintiff had the residual functional capacity to perform work related activities, except for strenuous lifting and carrying, and highly stressful activities. The ALJ concluded that plaintiff's impairments did not prevent her from performing her past relevant work as an inspector and machine operator.

Gonzalez contends that the Commissioner's finding that she is not disabled is erroneous, since the evidence in the record clearly shows that plaintiff's very severe mental impairment prevents her from performing her past relevant work or engaging in sustained gainful activity. Plaintiff also contends that the Commissioner concluded that "her mental status during the period under consideration was relatively good" and the ALJ as a layperson is simply not in a position to make medical findings contrary to those established by the objective medical evidence of the record.

The evidence reveals that prior to the alleged onset of her disability in June 1998, plaintiff received occasional treatment for a variety of ailments between 1988 and 1997 (Tr. 171–224). X-rays at that time revealed mild spondylosis of her spine and minimal changes in the lower lumbar spine. In July 1999, an electromyographic

exam revealed only mild right carpal tunnel syndrome.

Regarding her mental condition, Dr. Evelyn Rodriguez Aja, a neurologist treated Gonzalez in January 2000. Dr Rodriguez Aja found that plaintiff's gait and posture were normal, that she was alert and oriented, had good memory, that her effect was appropriate and that she was coherent, and logical. Dr Rodriguez Aja found that Gonzalez' motor tones and reflexes were normal with no atrophy. She could carry, pull, push and grab heavy objects. Gonzalez understood and remembered instructions. Dr. Rodriguez–Aja who diagnosed plaintiff with cervicolumbar myositis and migraine. Dr. Rodriguez Aja's medical findings provide substantial evidence to support the ALJ's conclusion that plaintiff retained the physical and mental capacity to perform her former work.

Plaintiff was also treated by Dr. Toro Soto, a psychiatrist who evaluated her in March 2000, almost two years after the alleged onset date of her disability. Dr. Toro Soto again examined plaintiff in October 2000. At that time he opined that plaintiff was coherent, logical and relevant. Dr. Toro Soto also opined that Gonzalez had no perceptual dysfunctions. Dr. Toro Soto found plaintiffs' mood to be depressed, but she was well oriented, attentive and her concentration seemed deficient. Dr. Toro Soto's diagnosis was dysthymia, a psychological disorder secondary to plaintiffs' physical conditions (Tr. 260). Dr. Toro Soto assessed her work-related mental abilities and found them to be seriously limited in several areas. He was of the opinion that plaintiff was seriously limited but that plaintiff's dysthymia was secondary to her "severe chronic physical conditions."

■ Credibility determinations are within the province of the ALJ, not the courts, to resolve. *Monroig v. Secretary of Health and Human Services*, 538 F.Supp. 710, 711 (D.P.R.1982). The ALJ determined that the evidence demonstrated that plaintiff's impairments are not of such severity as to prevent her from performing her past work.

The record also includes a psychiatric residual functional capacity assessment from a non-examining state agency physician (Tr. 248–257) who reviewed the medical evidence in the record and concluded that plaintiff was not significantly limited. The record also contains a physical residual functional capacity assessment from non-examining state doctors who reviewed the medical evidence and concluded in February and May 2001 that plaintiff could perform work up to the medium level of exertion. These reports provide additional evidence to support the ALJ's decision, when considered with the remaining evidence from examining physicians discussed above. *Berrios Lopez v. Secretary of Health and Human Services*, 951 F.2d 427, 432 (1st Cir.1991).

The Court finds that there is substantial evidence to support the Commissioner's decision that Gonzalez failed to establish a disability pursuant to the Act. Accordingly, the Court will *affirm the Commissioner's decision denying Gonzalez disability insurance benefits.

## CONCLUSION

For the foregoing reasons, the Court affirms the Commissioner's decision denying plaintiff Gonzalez request for disability insurance benefits. Judgment shall enter accordingly.

IT IS SO ORDERED.